## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

FLOR MORERA LOPEZ,
and ASBERT ANAZCO,
individually and as personal
representatives of the Estate
of Asbert E. Anazco,

        Plaintiffs,                  Case No. 1:21-cv-22433-XXXX

v.

ZOLL SERVICES, LLC,
ZOLL MEDICAL CORP.,
and ZOLL MANUFACTURING CORP.,

        Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants ZOLL Services, LLC, ZOLL Medical Corporation, and ZOLL

Manufacturing Corporation (collectively "ZOLL"), by and through its undersigned

counsel, respond to Plaintiffs Flor Morera Lopez and Asbert E. Anazco's Complaint

("Complaint") as follows:

### I.      SUMMARY OF THE ACTION

1.    ZOLL denies the allegations contained in Paragraph 1 of the Complaint.

2.    ZOLL admits that the LifeVest wearable defibrillator at issue ("Subject

LifeVest") was programmed to administer a shock treatment if Mr. Anazco's cardiac

data, as received by the LifeVest, met the FDA-approved criteria for a treatment

1

shock, which included certain rate thresholds and arrythmia, such as ventricular tachycardia and ventricular fibrillation.

3.      ZOLL denies the allegations contained in Paragraph 3 of the Complaint.

## II.      THE PARTIES, JURISDICTION & VENUE

4.      ZOLL is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 4 of Plaintiffs' Complaint. Therefore, said allegations are deemed denied.

5.      ZOLL is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 5 of Plaintiffs' Complaint. Therefore, said allegations are deemed denied.

6.      ZOLL is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 6 of Plaintiffs' Complaint. Therefore, said allegations are deemed denied.

7.      ZOLL denies that it caused an injury in any jurisdiction in relation to this matter. ZOLL admits the remainder of the allegations contained in Paragraph 7 of the Complaint.

8.      ZOLL denies that it caused an injury in any jurisdiction in relation to this matter. ZOLL admits the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.     ZOLL denies that it caused an injury in any jurisdiction in relation to this matter. ZOLL admits the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.     ZOLL admits the allegations contained in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint presents legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is deemed required, ZOLL denies the allegations.

12.     ZOLL is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 12 of the Complaint. Therefore, said allegations are deemed denied.

## FACTUAL ALLEGATIONS

### A. THE LIFEVEST

13.     ZOLL admits that ZOLL Manufacturing manufactured the Subject LifeVest and, under certain circumstances, it may perform servicing of some LifeVests. ZOLL admits that ZOLL Medical purchased the Subject LifeVest from ZOLL Manufacturing and provided it to ZOLL Services. ZOLL admits that ZOLL Services refurbished the Subject LifeVest and, if necessary, serviced and/or repaired it, and provided the Subject LifeVest to Mr. Anazco in accordance with the prescription of his physician. ZOLL denies the remainder of the allegations

contained in Paragraph 13 of the Complaint, including any alleged "failures" related to the Subject LifeVest.

14.     ZOLL admits that the LifeVest is a wearable cardioverter defibrillator that is prescribed to and then worn by some patients at risk for sudden cardiac arrest. ZOLL admits that the LifeVest is designed to continuously monitor a patient's heart, detect certain life-threatening heart rhythms, including ventricular tachycardia and ventricular fibrillation, and deliver a treatment shock under certain circumstances to help restore a normal heart rhythm. ZOLL admits that the LifeVest is designed to issue certain audible, visual, and tactile alarms and instructions, including those that warn the patient and bystanders of an imminent treatment shock and, under certain circumstances, that warn bystanders to stand clear. ZOLL admits that the LifeVest is designed so that the patient, if conscious, can press response buttons to cancel a treatment shock. ZOLL admits that, under certain circumstances, the LifeVest automatically delivers a treatment shock if the response buttons are not pressed. ZOLL admits that the LifeVest is designed to continue monitoring the patient's heart after a treatment shock and will repeat the treatment sequence if certain arrythmias are still detected.

15.     ZOLL admits that the LifeVest's FDA-approved indications for use speak for themselves, and ZOLL denies any further characterization of them by Plaintiff in this paragraph. ZOLL admits that the LifeVest is returned to ZOLL when

it is no longer needed by a patient. ZOLL denies that ZOLL Manufacturing routinely inspects, tests, repairs, refurbishes, or otherwise services LifeVests and their components after they are returned by patients. ZOLL denies any remaining allegations contained in Paragraph 15 of the Complaint.

### B. THE FAILURE OF ANAZCO'S DEVICE

16.     ZOLL admits that evidence suggests that, for a certain period of time on July 8, 2020, Mr. Anazco was wearing the Subject LifeVest. ZOLL denies that any evidence suggests that, during the time that Mr. Anazco was wearing the Subject LifeVest on July 8, 2020, he "experienced Defibrillation Events that required treatment." As to any other time on July 8, 2020, ZOLL is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 16 of the Complaint. Therefore, said allegations are denied.

17.     ZOLL denies the allegations contained in Paragraph 17 of the Complaint.

### C. MANUFACTURING DEFECT WITH THE LIFEVEST

18.     ZOLL denies the allegations contained in Paragraph 18 of the Complaint.

19.     ZOLL denies the allegations contained in Paragraph 19 of the Complaint.

#### a. PMA Rules and Regulations

20.     ZOLL admits that the LifeVest is classified as a Class III medical device by the Food and Drug Administration ("FDA") and that Class III medical devices, including the LifeVest, are subject to the FDA's Premarket Approval process. ZOLL admits that the functions addressed by the FDA's Premarket Approval and applicable federal regulations include the manufacture and distribution of the LifeVest. ZOLL admits that the requirements of the FDA's Premarket Approval and applicable regulations speak for themselves, and ZOLL denies any characterization of them by Plaintiff in Paragraph 20 of the Complaint.

21.     ZOLL denies the allegations contained in Paragraph 21 of the Complaint.

### b. CGMP Regulations

22.     ZOLL admits that LifeVest devices must be manufactured pursuant to the Current Good Manufacturing Practice regulations promulgated and enforced by the FDA. ZOLL denies any characterization of those regulations by Plaintiff in Paragraph 22 of the Complaint.

23.     ZOLL admits that the requirements of 21 CFR 820.20 speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph.  ZOLL denies any alleged failure with regard to FDA regulations in relation to the Subject LifeVest, including 21 CFR 820.20, and ZOLL denies the remainder of the allegations contained in Paragraph 23 of the Complaint.

24840722v5

24.    ZOLL admits that the requirements of 21 CFR 820.70 speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph. ZOLL denies any alleged failure with regard to FDA regulations in relation to the Subject LifeVest, including 21 CFR 820.70, and ZOLL denies the remainder of the allegations contained in Paragraph 24 of the Complaint.

25.    ZOLL admits that the requirements of 21 CFR 820.75 speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph. ZOLL denies any alleged failure with regard to FDA regulations in relation to the Subject LifeVest, including 21 CFR 820.75, and ZOLL denies the remainder of the allegations contained in Paragraph 25 of the Complaint.

26.    ZOLL admits that the requirements of 21 CFR 820.100 speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph. ZOLL denies any alleged failure with regard to FDA regulations in relation to the Subject LifeVest, including 21 CFR 820.100 and any enumerated alleged failures in this paragraph, and ZOLL denies the remainder of the allegations contained in Paragraph 26 of the Complaint.

27.    ZOLL admits that the requirements of 21 CFR 820.198 speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph. ZOLL denies any alleged failure with regard to FDA regulations in

24840722v5

relation to the Subject LifeVest, including 21 CFR 820.198, and ZOLL denies the remainder of the allegations contained in Paragraph 27 of the Complaint.

28.   ZOLL denies the allegations contained in Paragraph 28 of the Complaint.

29.   ZOLL denies the allegations contained in Paragraph 29 of the Complaint.

30.   ZOLL admits that the Subject LifeVest, including its written materials and any verbal communications between ZOLL representatives and Mr. Anazco and/or his caregivers complied with the FDA's premarket approval of the device and applicable regulations. ZOLL denies any characterization of those materials, communications, or "statements" by Plaintiffs in this paragraph, and ZOLL further denies that ZOLL Medical makes any "statements" in relation to the LifeVest. ZOLL denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.   ZOLL admits that certain written materials accompanying the Subject LifeVest state that the LifeVest detects certain life-threatening arrythmias, and that, if the LifeVest detects one of these certain arrythmias, it issues an audible and tactile alarm, followed by shock treatment if the response button is not pressed. ZOLL denies any characterization by Plaintiffs of these materials or ZOLL's alleged "statements" in this paragraph or elsewhere in the Complaint, and ZOLL denies Plaintiffs' characterization of those materials or communications as "Marketing

Statement[s]." ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL further denies that Ms. Diaz made the statement quoted in this paragraph and/or ZOLL denies that the quoted statement, if made by Ms. Diaz, is accurate without the context of the remainder of the conversation between Ms. Diaz and Mr. Anazco and Ms. Lopez. ZOLL further denies that its website or Ms. Diaz suggested or stated that the LifeVest would deliver a treatment shock for every arrhythmia if the response buttons were not pressed. ZOLL denies any remaining material allegations contained in Paragraph 31 of the Complaint.

32.     ZOLL denies the allegations contained in Paragraph 32 of the Complaint.

33.     ZOLL denies the allegations contained in Paragraph 33 of the Complaint.

34.     ZOLL denies the allegations contained in Paragraph 34 of the Complaint.

35.     ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were false or that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any remaining allegations contained in Paragraph 35 of the Complaint.

**COUNT 1**
**STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**
**(AGAINST ZOLL MANUFACTURING)**

36.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

37.     ZOLL admits that the Subject LifeVest was manufactured on or before May 2020 and that it was provided to Mr. Anazco pursuant to a prescription from his physician. ZOLL denies the remaining allegations contained in Paragraph 37.

38.     ZOLL admits, upon information and belief, that the Subject LifeVest was not materially altered between the time that it was shipped to the ZOLL patient services representative and the time that it was provided to Mr. Anazco pursuant to a prescription by his physician. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint, including whether the Subject LifeVest was altered after it was provided to Mr. Anazco. Therefore, said allegations are deemed denied.

39.     ZOLL denies the allegations contained in Paragraph 39 of the Complaint.

40.     ZOLL denies the allegations contained in Paragraph 40 of the Complaint.

41.     ZOLL denies the allegations contained in Paragraph 41 of the Complaint.

10

24840722v5

42.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 42 of the Complaint, or to any relief at all from ZOLL.

## COUNT 2
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT
### (AGAINST ZOLL MEDICAL AND ZOLL SERVICES)

43.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

44.     ZOLL admits that on or before May 2020, ZOLL Medical acquired the Subject LifeVest from ZOLL Manufacturing and provided it to ZOLL Services. ZOLL denies the remainder of the allegations contained in Paragraph 44 of the Complaint.

45.     ZOLL admits, upon information and belief, that the Subject LifeVest was not materially altered between the time that it was shipped to the ZOLL patient

24840722v5

services representative and the time that it was provided to Mr. Anazco pursuant to a prescription by his physician. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Complaint, including whether the Subject LifeVest was altered after it was provided to Mr. Anazco. Therefore, said allegations are deemed denied.

46.     ZOLL denies the allegations contained in Paragraph 46 of the Complaint.

47.     ZOLL denies the allegations contained in Paragraph 47 of the Complaint.

48.     ZOLL denies the allegations contained in Paragraph 48 of the Complaint.

49.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the

unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 49 of the Complaint, or to any relief at all from ZOLL.

## COUNT 3
## NEGLIGENT MANUFACTURING
## (AGAINST ZOLL MANUFACTURING)

50.    ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

51.    ZOLL admits that the Subject LifeVest was manufactured on or before May 2020 and that it was provided to Mr. Anazco pursuant to a prescription from his physician. ZOLL denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.    ZOLL admits, upon information and belief, that the Subject LifeVest was not materially altered between the time that it was shipped to the ZOLL patient services representative and the time that it was provided to Mr. Anazco pursuant to a prescription by his physician. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint, including whether the Subject LifeVest was altered after it was provided to Mr. Anazco. Therefore, said allegations are deemed denied.

53.    ZOLL denies the allegations contained in Paragraph 53 of the Complaint.

54.     ZOLL denies the allegations contained in Paragraph 54 of the Complaint.

55.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 55 of the Complaint, or to any relief at all from ZOLL.

## COUNT 4
## NEGLIGENT MANUFACTURING
## (AGAINST ZOLL MEDICAL AND ZOLL SERVICES)

56.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

57.     ZOLL admits that on or before May 2020, ZOLL Medical acquired the Subject LifeVest from ZOLL Manufacturing and provided it to ZOLL Services. ZOLL denies the remainder of the allegations contained in Paragraph 57.

24840722v5

58.     ZOLL admits, upon information and belief, that the Subject LifeVest was not materially altered between the time that it was shipped to the ZOLL patient services representative and the time that it was provided to Mr. Anazco pursuant to a prescription by his physician. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Complaint, including whether the Subject LifeVest was altered after it was provided to Mr. Anazco. Therefore, said allegations are deemed denied.

59.     ZOLL denies the allegations contained in Paragraph 59 of the Complaint.

60.     ZOLL denies the allegations contained in Paragraph 60 of the Complaint.

61.     ZOLL denies the allegations contained in Paragraph 61 of the Complaint.

62.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and

15

accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 62 of the Complaint, or to any relief at all from ZOLL.

### COUNT 5
### FRAUDULENT REPRESENTATION
### (AGAINST ZOLL MANUFACTURING, ZOLL MEDICAL, AND ZOLL SERVICES)

63.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

64.     ZOLL admits that Mr. Anazco was provided the Subject LifeVest pursuant to a prescription from his physician by ZOLL representative Raquel Diaz on or about May 28, 2020. ZOLL denies any characterization by Plaintiffs of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph. ZOLL denies any remaining allegations contained in Paragraph 64 of the Complaint.

65.     ZOLL denies the allegations contained in Paragraph 65 of the Complaint.

66.     ZOLL denies the allegations contained in Paragraph 66 of the Complaint.

67.     ZOLL denies the allegations contained in Paragraph 67 of the Complaint.

68.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 68 of the Complaint, or to any relief at all from ZOLL.

## COUNT 6
## NEGLIGENT MISREPRESENTATION
## (AGAINST ZOLL MANUFACTURING, ZOLL MEDICAL, AND ZOLL SERVICES)

69.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

70.     ZOLL admits that Mr. Anazco was provided the Subject LifeVest pursuant to a prescription from his physician by ZOLL representative Raquel Diaz on or about May 28, 2020. ZOLL denies any characterization by Plaintiffs of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph. ZOLL denies any remaining allegations contained in Paragraph 70 of the Complaint.

17

24840722v5

71.     ZOLL denies the allegations contained in Paragraph 71 of the Complaint.

72.     ZOLL denies the allegations contained in Paragraph 72 of the Complaint.

73.     ZOLL denies the allegations contained in Paragraph 73 of the Complaint.

74.     ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 74 of the Complaint, or to any relief at all from ZOLL.

**COUNT 7**
**FRAUDULENT MARKETING/PROMOTION**
**(FLA. STAT. 817.40(5) & 817.41(1))**
**(AGAINST ZOLL MANUFACTURING, ZOLL MEDICAL, AND ZOLL SERVICES)**

75.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

76.     ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any characterization of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported "Marketing Statement." ZOLL denies the remaining allegations contained in Paragraph 76.

77.     ZOLL admits that Mr. Anazco was provided the Subject LifeVest pursuant to a prescription from his physician by ZOLL representative Raquel Diaz on or about May 28, 2020. ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any characterization of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported

"Marketing Statement." ZOLL denies all remaining allegations contained in Paragraph 77.

78.     ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were false or that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any characterization of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported "Marketing Statement." ZOLL denies all remaining allegations contained in Paragraph 78 of the Complaint.

79.     ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were false or that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any characterization of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported

"Marketing Statement." ZOLL denies all remaining allegations contained in Paragraph 79 of the Complaint.

80.    ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were false or that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL denies any characterization of any written materials, communications, conversations, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported "Marketing Statement." ZOLL denies all remaining allegations contained in Paragraph 80 of the Complaint.

81.    ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the

unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 81 of the Complaint, or to any relief at all from ZOLL.

## COUNT 8
## BREACH OF EXPRESS WARRANTY
### (AGAINST ZOLL MANUFACTURING, ZOLL MEDICAL, AND ZOLL SERVICES)

82.     ZOLL repeats and incorporates by reference its answers in all preceding paragraphs as if fully stated herein.

83.     ZOLL admits that a patient receives a LifeVest only pursuant to a prescription by a medical doctor. ZOLL admits that patients who receive a LifeVest enter an agreement with ZOLL to lease the LifeVest from ZOLL, and, depending on many factors such as a patient's insurance coverage, co-payments, deductibles, Medicare coinsurance, and other factors, there is a possibility that some portion of the costs may not be covered by insurance, and patients agree to pay those costs, if any. ZOLL denies all the remaining allegations and characterizations contained in Paragraph 83 of the Complaint.

84.     ZOLL admits that Mr. Anazco agreed to the terms of the standard Patient Agreement for the LifeVest, and he signed that agreement indicating his voluntary consent. ZOLL admits that the Patient Agreement and its terms speak for themselves, and ZOLL denies any characterization of them by Plaintiffs in this paragraph. ZOLL denies any remaining allegations contained in Paragraph 84 of the Complaint.

85.    ZOLL admits that Mr. Anazco was provided the Subject LifeVest, pursuant to a prescription from his physician, by ZOLL representative Raquel Diaz on or about May 28, 2020. ZOLL denies that patient services representative Raquel Diaz or ZOLL made any statements to Mr. Anazco or Ms. Lopez that were false or that were not compliant with the FDA's premarket approval of the LifeVest or FDA regulations. ZOLL further denies that it or Ms. Diaz suggested or stated that the LifeVest would deliver a treatment shock for every arrhythmia if the response buttons were not pressed. ZOLL denies any characterization of any written materials, communications, conversations, warranties, or statements made by ZOLL or Ms. Diaz in this paragraph or elsewhere in the complaint, including the defined term "Marketing Statement." ZOLL further repeats, realleges, and incorporates by reference each of its denials above relating to Plaintiffs' characterization of and allegations about the purported "Marketing Statement," and ZOLL denies that any such statement created any warranty to Mr. Anazco or Ms. Lopez. ZOLL denies the remainder of the allegations contained in Paragraph 85 of the Complaint.

86.    ZOLL denies the existence of any "conveyed express warranty," and ZOLL denies all remaining allegations contained in Paragraph 86 of the Complaint.

87.    ZOLL denies that the Subject LifeVest did not work as designed or represented. ZOLL further denies that Mr. Anazco's death or any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the

LifeVest used by Mr. Anazco. ZOLL denies all remaining allegations contained in Paragraph 87 of the Complaint.

88.    ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco. ZOLL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the Complaint. Therefore, said allegations are deemed denied.

ZOLL denies that any of Plaintiffs' alleged damages were caused by any ZOLL entity, ZOLL representative, or the LifeVest used by Mr. Anazco, and accordingly ZOLL denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph that immediately follows Paragraph 88 of the Complaint, or to any relief at all from ZOLL.

## JURY DEMAND

ZOLL respectfully requests that a jury be impaneled to try this case, pursuant to the laws and Constitutions of the United States of America and the State of Florida.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

24840722v5

2.      ZOLL relies on all applicable defenses afforded it under the laws of the State of Florida.

3.      ZOLL avers that the ZOLL LifeVest and all its components were designed, manufactured, assembled, inspected, tested, refurbished, repaired, and serviced in accordance with all applicable federal and state governmental regulations and standards. ZOLL pleads and relies upon FLA. STAT. § 768.1256, which provides a rebuttable presumption that the ZOLL LifeVest and all its components were not defective or unreasonably dangerous by reason of its compliance with applicable federal and state governmental regulations and standards.

4.      ZOLL avers that when the ZOLL LifeVest and its components were designed, manufactured, assembled, inspected, tested, refurbished, repaired, serviced, and sold, they conformed with the state of scientific and technological knowledge available to their manufacturer. ZOLL relies upon the customary designs, methods, standards, and techniques of manufacturing, testing, inspecting, refurbishing, repairing, and servicing used by other manufacturers of similar products. ZOLL asserts that the ZOLL LifeVest and its components were reasonably safe and therefore, not defective, and ZOLL relies on the defenses afforded by FLA. STAT. § 768.1257.

5.     The LifeVest was manufactured and refurbished in accordance with state-of-the-art principles and therefore was not defective, not in a defective condition, and not unreasonably dangerous.

6.     ZOLL avers that the incident that is the subject matter of the Complaint was caused or brought about by a person or persons other than ZOLL and over whom ZOLL had neither control, nor the right to control, or resulted from some independent cause, phenomenon, or misadventure beyond the control of ZOLL and for which ZOLL is not liable. ZOLL further asserts that Plaintiffs are not entitled to recover damages as set forth in the Complaint because, if proven applicable by investigation and discovery, the fault attributable to Plaintiffs and Decedent is equal to, or greater than, the percentage of any alleged fault attributable to ZOLL. ZOLL therefore relies on the defenses of lack of cause in fact, of superseding intervening cause, and of comparative fault. ZOLL reserves the right to amend this Answer to name other persons and parties who may be at fault in this action, if proven applicable by investigation and discovery.

7.     ZOLL alleges that Plaintiffs' claims, if meritorious (which ZOLL denies), give rise to an apportionment of damages in relation to the degree of fault of the parties, persons, or employers pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). In compliance with *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262 (Fla. 1996), ZOLL reserves the right through this affirmative defense to name

24840722v5

any additional individuals or entities whose negligence or activity is a sole proximate cause or independent intervening cause of the alleged loss/damages, should ZOLL become aware of any such individuals or entities through investigation and discovery in this case.

8.    All or part of Plaintiffs' alleged injuries may have been caused by an idiosyncratic reaction or Decedent's physiology.

9.    All or part of Plaintiffs' claims may be preempted by federal law.

10.    To the extent proven applicable by investigation and discovery, ZOLL relies on all applicable statutes of limitation and/or statutes of repose, including, without limitation, FLA. STAT. § 95.11.

11.    ZOLL relies on the defenses of misuse, alteration, change, improper maintenance, abnormal use, and/or failure to follow proper instructions and warnings, if proven applicable by investigation and discovery.

12.    ZOLL relies on the defenses of release, waiver, and estoppel, if proven applicable by investigation and discovery.

13.    Plaintiffs and Decedent may have failed to mitigate damages, if any, and may have failed to protect themselves from avoidable consequences.

14.    Plaintiffs' Complaint fails to state a claim for punitive damages upon which relief can be granted.

24840722v5

15.    ZOLL asserts that Plaintiffs' damages are capped in accordance with Florida law, including without limitation FLA. STAT. § 768.73.

16.    Plaintiffs' claim for punitive damages must be dismissed because Plaintiffs have failed to plead, and will be unable to prove, that Defendants are/were "guilty of intentional misconduct or gross negligence." See FLA. STAT. § 768.72. ZOLL denies that any of its agents, servants, or employees, by act or omission, were fraudulent, malicious, or grossly negligent, but if the Court determines otherwise, ZOLL specifically pleads that it has neither authorized nor ratified that conduct nor should it have anticipated the conduct, if any, and ZOLL specifically pleads and relies upon these facts as a complete bar to Plaintiffs' claims for punitive damages.

17.    Plaintiffs' claims for punitive or exemplary damages are barred because imposing punitive damages in this case would violate: (a) the Fifth Amendment of the United States Constitution because it would expose ZOLL to multiple punishments and fines for the same act or conduct; (b) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because it would punish ZOLL based upon unconstitutionally vague standards; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution because any such award would be penal in nature and based on unconstitutionally vague standards; and (d) the Commerce Clause, Equal Protection

Clause, and Privileges and Immunities Clause to the extent any such award was based on out-of-state conduct or ZOLL's profits or aggregate financial status.

18.   With respect to each and every cause of action, Plaintiffs are not entitled to recover under a strict liability theory because, among other things, comment k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

19.   ZOLL is entitled to a setoff of all collateral source benefits paid or payable to Plaintiffs or the Estate under the provisions of FLA. STAT. § 768.76, or any other applicable statutes.

20.   ZOLL reserves the right consistent with the Federal Rules of Civil Procedure, to amend or move to amend this Answer and plead additional defenses and to plead its defenses more specifically during or at the conclusion of its investigation and discovery proceedings.

**WHEREFORE**, Defendants ZOLL Manufacturing Corporation, ZOLL Medical Corporation, and ZOLL Services LLC pray that Plaintiffs' Complaint be dismissed with prejudice and all costs, including discretionary costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, be assessed against Plaintiff and that ZOLL be granted such other relief as the Court deems appropriate.

24840722v5

Dated: August 16, 2021.

*/s/ Loren W. Fender*

Loren W. Fender (FL #553921
Two Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel: 305-995-5600
Fax: 305-995-6090
Loren.Fender@bowmanandbrooke.com

*Attorneys for Defendants ZOLL Medical
Corporation, ZOLL Manufacturing
Corporation, ZOLL Lifecor Corporation,
ZOLL LifeVest Holding LLC, and ZOLL
Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of August 2021, a copy of the foregoing ZOLL's Answer to Plaintiff's Complaint was filed electronically via the Court's ECF system. Notice of this filing will be sent by that system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*/s/ Loren W. Fender*

Loren W. Fender

24840722v5