UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-22433-CIV-MARTINEZ-BECERRA

FLOR MORERA LOPEZ, and ASBERT ANAZCO, individually and as personal representatives of the Estate of Asbert E. Anazco,

    Plaintiffs,

vs.

ZOLL SERVICES, LLC, ZOLL MEDICAL CORP., and ZOLL MANUFACTURING CORP.,

    Defendants.
_____/

## ORDER DENYING MOTION TO BIFURCATE

**THIS MATTER** came before the Court on Defendant Zoll Services LLC, Zoll Medical Corp., and Zoll Manufacturing Corp. (together, "Zoll")'s Motion to Bifurcate the Determination of the Amount of Punitive Damages for Plaintiffs Fraudulent Marketing Claim from all Other Issue[s] ("Motion to Bifurcate"). (ECF No. 198). Zoll argues that because Plaintiffs failed to include a specific request for punitive damages in their Amended Complaint and have failed to set forth sufficient allegations warranting such relief they should be "precluded from bringing any argument for punitive damages as trial." (*Id.* at 1–2). To the extent the Court permits Plaintiffs' request for punitive damages, Zoll moves to bifurcate the merits of Plaintiffs' fraudulent marketing claim from the request for punitive damages. (*Id.*)

    Federal Rule of Civil Procedure 8(a)(3) provides that "[a] pleading that states a claim for relief must contain . . . (3) a demand for the relief sought, which may include a relief in the

1

alternative or different types of relief." A "Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." *Cohen v. Office Depot, Inc.*, No. 204 F.3d 1069, 1072 (11th Cir. 2000). "Florida courts entertain the punitive damages issue by way of a motion to dismiss or a motion to strike, not a summary judgment motion." *Porter v. Ogden, Newell, & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001). In other words, "a fact intensive investigation into the merits" of a punitive damages request is not required. *Id.*

Here, Zoll has not moved to strike or dismiss Plaintiffs' request for punitive damages. Rather, in what appears to be a disguised motion *in limine*, Zoll attempts to preclude Plaintiff from seeking punitive damages at trial, arguing that such a claim for relief has not been properly plead. The time to make this argument has passed.

In any event, Plaintiffs' demand for punitive damages is based on their claim for fraudulent marketing and promotion under sections 817.40(5) and 817.41(1), Florida Statutes. (Compl. at 16–17, ECF No. 58). As Zoll itself concedes, the Amended Complaint requests an award of "damages allowed by section 817.41(6), Florida Statutes . . . ." (Compl. at 17, ECF No. 58). And section 817.41(6), Florida Statutes, provides that "[a]ny person prevailing in a civil action for violation of this section shall be awarded costs, . . . *and may be awarded punitive damages* in addition to actual damages proven." § 817.41(6), Fla. Stat. (emphasis added). Moreover, the Court has already found—on summary judgment, no less—that there are disputed issues of fact on this claim for fraudulent marketing and promotion. Accordingly, the Court will permit Plaintiffs to pursue their request for punitive damages relief.

Now, the Court turns to whether it should bifurcate the trial on the merits of the fraudulent marking and promotion claim from the punitive damages issue. Federal Rule of Civil Procedure 42(b) authorizes the Court to "order a separate trial of one or more separate issues" "[f]or

2

convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate a trial "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (citation omitted). The Court's "paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice." *Nuvasive, Inc. v. Absolute Med.*, No. 17-cv-2206, 2021 U.S. Dist. LEXIS 254205, *23 (M.D. Fla. Nov. 12, 2021) (citation omitted). In addition to the factors set forth in Rule 42(b), courts have considered other factors when determining whether to bifurcate, including "(1) whether the issues sought to be tried separately are significantly different; (2) whether they are triable by jury or the court; (3) whether discovery has been directed to a single trial of all issues; (4) whether the evidence required for each issue is substantially different; (5) whether one party would gain some unfair advantage from separate trials; (6) whether a single trial of all issues would create the potential for jury bias or confusion; and (7) whether bifurcation would enhance or reduce the possibility of a pretrial settlement." *Id.* (citations and internal quotation marks omitted).

Zoll's argues for bifurcation based on its concern that Plaintiffs will present to the jury evidence of Zoll's "financial condition, net worth, or 'value' in arguing for the imposition of a punitive damage award." (Mot. at 6, ECF No. 198). But Plaintiffs represent that they have not sought out or obtained this information during discovery and "will <u>not</u> introduce evidence of Zoll's financial resources at trial[.]" (Resp. at 12, ECF No. 207) (emphasis in original). Accordingly, it does not appear that Zoll will be prejudiced by the introduction of evidence with respect to punitive damages before a determination of liability is made.

Zoll argues that "Florida law requires bifurcation" under *W.R. Grace & Co. v. Waters*, 638 So.2d 502, 505 (Fla. 1994). But the decision about whether to bifurcate is discretionary under Rule 42(b), and the procedure described in *W.R. Grace* for submitting punitive damages

3

to a jury in Florida "is not binding upon a federal trial court." *Soliday v. 7-Eleven, Inc.*, No. 09-cv-807, 2011 U.S. Dist. LEXIS 63288, at *5 (M.D. Fla. June 13, 2011); *B-K Cypress Log Homes Inc. v. Auto-Owners Ins. Co.*, No. 09-cv-211, 2012 U.S. Dist. LEXIS 200754, *5 (N.D. Fla. May 10, 2012) ("Although the *W.R. Grace* procedure is not binding on a federal court, it has been applied to punitive damages claims under Florida law in appropriate cases.").

Moreover, the logic behind *W.R. Grace*'s punitive-damages procedure is not applicable here. In *W.R. Grace*, the Florida Supreme Court recognized that defendants are prejudiced by a trial procedure that "permits evidence of a defendant's net worth to be introduced when liability for punitive damages has not yet been determined." *Id.* at 506. That is not a concern here, since Plaintiffs have assured the Court that they will not seek to introduce this evidence into the trial.

At this point, the Court does not find that the evidence to be substantial different for a liability and punitive-damages determination, nor does it believe that Plaintiffs will gain an unfair advantage by having the jury decide these issues together. Bifurcation will not economize the trial or serve the convenience of the parties or the Court. After careful consideration of all bifurcation factors, it is hereby **ORDERED AND ADJUDGED** that

Defendants' Motion to Bifurcate, (ECF No. 198), is **DENIED without prejudice**. Nevertheless, the Court cautions the parties to tread lightly around this issue. To the extent there is any evidence that pertains solely to Plaintiffs' request for punitive damages, the parties shall bring the matter to the attention of the Court, outside the presence of the jury.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17 day of October, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record