UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-22433-CIV-MARTINEZ-BECERRA

FLOR MORERA LOPEZ, and ASBERT ANAZCO, individually and as personal representatives of the Estate of Asbert E. Anazco,

    Plaintiffs,

vs.

ZOLL SERVICES, LLC, ZOLL MEDICAL CORP., and ZOLL MANUFACTURING CORP.,

    Defendants.
_____/

## **OMNIBUS ORDER REGARDING TRIAL MOTIONS**

**THIS MATTER** came before the Court on several of the parties' motions pertaining to the trial scheduled in this matter, (ECF Nos. 216, 230, 231, 233, 235, 242). After careful consideration, the Court rules as follows:

    1.    Three Zoll employee witnesses will appear live at trial during Plaintiffs' case: Shane Volpe, Gene Partin, and Jason Whiting. (ECF No. 230 ¶ 1). Because these witnesses must travel to Miami for the trial, the parties request that the Court permit the Defendants to conduct a full direct examination of these witnesses after Plaintiffs' initial cross examination so that the witnesses do not need to travel back and forth or remain in Miami. (*Id.* ¶ 3). Another Zoll employee witness, Steve Szymkiewicz, cannot travel to Miami to attend the trial because of family illness. (*Id.* ¶ 4). Accordingly, the parties request the Court permit Mr. Szymkiewicz to attend the trial via Zoom. (*Id.*). Plaintiffs' Unopposed Motion Regarding Defendants' Employee Witnesses Attendance at

1

Trial and Zoom, (ECF No. 230), is **GRANTED**. Defendants may conduct a direct examination of Shane Volpe, Gene Partin, and Jason Whiting during Plaintiffs' case, and Steve Szymkiewicz may testify via Zoom. The parties shall inform the Court when Mr. Szymkiewicz will testify **at least one day** before he takes the stand so that the Court can circulate the appropriate Zoom information to the parties.

2. Defendants request that Mr. Anazco's four treating physicians be permitted to testify at trial via their prior recorded depositions. (ECF No. 231 ¶¶ 1–2). Because the treating physicians "are all practicing physicians in the Miami area," (*Id.* ¶ 4), they do not appear to be unavailable under Federal Rule of Civil Procedure 804. Accordingly, Defendants' Unopposed Motion Regarding Playing of Deposition Designations of Treating Physicians, (ECF No. 231), is **DENIED WITHOUT PREJUDICE**. Defendants may renew this motion at last one week before Calendar Call in the event these treating physicians are unavailable under Rule 804.

3. The parties move to designate their exhibits numerically because they have nearly 500 total exhibits. (ECF No. 233 at 2). The parties' Joint Motion to Designate All Exhibits Numerically, (ECF No. 233), is **GRANTED**. To ensure that none of the exhibit numbers overlap, the parties shall designate a range of exhibit numbers. For example, Plaintiffs may utilize exhibit numbers 1 though 200, Defendants may utilize exhibit numbers 201 though 400, and joint exhibit numbers may be J-1 though J-200.

4. Defendants' Expedited Motion for Continuance, a Trial Date Certain and a Hearing on All Pending Motions and Request for Ruling by October 14, 2022, (ECF No. 235), is **DENIED**. Defendants' request to continue trial to a "date certain" is denied as moot given the Court's recent order continuing trial until January 30, 2023. (*See* ECF No. 244). Defendants' request for a hearing on pending motions is denied. Should the Court require a hearing on any pending motions, it shall set one. In any event, the parties shall be prepared to discuss any pending motions at Calendar Call.

5. Plaintiffs move for certain persons to bring electronic equipment into the courtroom for trial. (ECF No. 242). Plaintiffs' Motion Regarding Electronic Equipment for Trial, (ECF No. 242), is **GRANTED as stated herein**. The parties shall make use of the audio-visual presentation equipment available in the courtroom and are strongly advised to jointly schedule an appointment with Chambers to test this equipment in the courtroom *before trial*. The following individuals are allowed to bring the below-listed items with them into the courthouse for the duration of the trial now scheduled to begin in this matter on January 30, 2022:

    a. Keith Shulman: one (1) laptop computer; one (1) Smartphone device; one (1) iPad/tablet; cables and wires for those devices.

    b. Brian Cummins: one (1) laptop computer; one (1) Smartphone device; one (1) iPad/tablet; cables and wires for those devices.

6. Defendants move for the Court to make certain pretrial rulings at Calendar Call. (ECF No. 216). They request that the Court require the parties to (a) provide each other with the names and order of witnesses who will be called live or via deposition at least 24 hours in advance of the witnesses being called, and to (b) provide each other with the deposition designations at a certain time. (*Id.* at 1–2). Defendants also invoke the rule of sequestration under Federal Rule of Evidence 615, except as to expert witnesses. (*Id.* at 2). Separately, Defendants "ask the Court to adopt" nine "statements/concessions in pleadings filed." (*Id.* at 2–3). Defendants' Motion for Pretrial Rulings at Calendar Call, (ECF No. 216), is **DENIED**. The Court's Order on Trial Procedures, (ECF No. 221), disposes of Defendants' requests regarding the order of witnesses and deposition designations. As for the rule of sequestration, Defendants may invoke the rule when appropriate during trial. With respect to Defendants' requests for the Court to adopt "statements/concessions in pleadings filed," the Court views these requests as a second motion *in limine* and *Daubert* motion. Defendants have

already filed a *Daubert* motion on which the Court has ruled. Defendants have also filed a motion in limine. As stated in the Court's Scheduling Order, the parties are "limited to filing a **single** motion in limine . . . ." (ECF No. 8 at 6) (emphasis added). To the extent the parties stipulate to certain facts, they may file a joint stipulation to that effect.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17 day of October 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record