UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-22433-JEM/Becerra

FLOR MORERA LOPEZ, *et al.*,

    Plaintiffs,

v.

ZOLL SERVICES, LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTIONS FOR COSTS

**THIS CAUSE** came before the Court on Defendants Zoll Services LLC, Zoll Medical Corp. and Zoll Manufacturing Corp's Motion for Bill of Costs and Supporting Memorandum.[1] ECF Nos. [317], [318]. Plaintiffs Flor Morera Lopez and Asbert Anazco, individually and as personal representatives of the estate of Asbert E. Anazco, did not timely file a response to the Motion. The Court thereafter issued an Order to Show Cause directing Plaintiffs to explain why the Motion should not be granted by default. ECF No. [340]. Plaintiffs did not do so. Upon due consideration of the Motion, the applicable law, and being otherwise fully advised in the premises, for the reasons explained below and in light of Plaintiffs' failure to oppose the Motion, it is hereby **RECOMMENDED** that the Motion for Bill of Costs be **GRANTED IN PART AND DENIED IN PART**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [324].

I.   **BACKGROUND AND INSTANT MOTION**

This is a products liability action alleging that a ZOLL LifeVest 4000® was defectively manufactured or marketed.  The parties engaged in extensive discovery and motion practice, following which a seven-day jury trial took place which resulted in a defense verdict on all claims raised in the Amended Complaint.  ECF No. [315].  On February 9, 2023, the Court entered Final Judgment in accordance with the jury's verdict and reserved jurisdiction to tax costs against Plaintiffs.  ECF No. [316].

Defendants timely filed a Motion for Bill of Costs and supporting memorandum seeking $56,828.14 in taxable costs.  These costs are comprised of: (i) $3,107.75 for service of subpoenas, (ii) $46,815.14 for deposition transcripts, (iii) $160.00 in witness fees for depositions, and (iv) $6,744.95 for copies of documents.  ECF No. [317].  Defendants attach the supporting invoices for each of the costs requested.  ECF Nos. [317-1 through 317-5].

II.   **ANALYSIS**

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

    (1)    Fees of the clerk and marshal;
    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>   (5)   Docket fees under section 1923 of this title;
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### A. Service of Subpoenas

Defendants seeks to recover the cost for service of numerous subpoenas on various witness and to obtain medical records. ECF Nos. [318] at 3-4; [317-1]; [317-2]. "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal Service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). At the time service of process occurred, the Marshals Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Although some invoices exceed the Marshals Service rate, Defendants have reduced those invoices to $65.00 per subpoena. ECF No. [318] at 4. The remaining invoices are below the Marshals Service Rate. ECF No. [317-2]. Accordingly, the undersigned **RECOMMENDS** that the Court award Defendants $3,107.75 in process server costs.

### B. Transcript Costs

Next, Defendants seek to recover $46,815.44 for numerous deposition and hearing transcripts. ECF Nos. [317-1] at 6-14, [317-4]. Deposition transcript costs are taxable as authorized by §1920(2) as long as the depositions were "necessarily obtained for use in the case." *W & O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Defendants assert that the deposition and hearing transcripts at issue were used in connection with dispositive and pretrial motions, as well as for trial preparation. ECF No. [318]. The undersigned has reviewed the record and concludes that the transcripts were reasonably necessary and thus compensable. *See American Home Assurance*

3

*Co. v. RAP Trucking, Inc.*, 2010 WL 1573917 (S.D. Fla. 2010) ("In determining the necessity of a deposition it must only appear to have been reasonably necessary at the time it was taken.").

However, a review of the costs requested reflects that Defendants seek certain incidental charges that are not recoverable. In particular, Defendants seek to recover charges for expedited deposition and hearing transcripts, which total $13,875.21.[2] "Fees for expedited transcripts are not recoverable where such services are for the convenience of counsel." *Grimsley v. Focus Financial Services*, No. 15-cv-81263, 2016 WL 11547367, at *3 (S.D. Fla. July 22, 2016) (citation omitted), *report and recommendation adopted*, No. 15-cv-81263, 2017 WL 2665156, at *1 (S.D. Fla. June 19, 2017); *see also*, *Santana v. RCSH Operations LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *7 (S.D. Fla. Aug. 31, 2012) (cost of daily trial transcript usually not awarded unless it was necessary given the length or complexity of the case) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225-26 (11th Cir. 2002)). Defendants do not explain why the expedited rates were necessary, and therefore have failed to show that the charges were for reasons other than the convenience of counsel.

Further, Defendants include charges for "production, processing, and electronic transcript fee," which total $300.00, and a $115.00 charge for utilizing a conference room.[3] Such charges are ordinarily non-compensable because they are incurred for the convenience of counsel, and Defendants make no argument to the contrary. *See Powell v. Home Depot, U.S.A., Inc.*, No. 07-80435, 2010 WL 4116488, at *10 (S.D. Fla Sept. 14, 2010) (categorizing electronic transcripts as 'extra services [] only for the convenience of counsel'); *Santana*, 2012 WL 3779013 at *6-7

---

[2] *See* ECF Nos. [317-1] at 6 ($119.70, $217.80, $471.90, $804.65, $51.00, $485.00, $496.10, $387.20); [317-3] at 36 ($466.98), 48 ($272.00), 51 ($381.91), 53 ($152.04), 65 ($3,430.45), 69 ($1,402.98), 70 ($3,474.10), 73 ($1,261.40).

[3] *See* ECF No. [317-3] at 36 ($115.00), 71 ($100.00), 72 ($100.00), 73 ($100.00).

4

(denying costs for shipping/handling); *Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021) (disallowing recovery of costs incurred for electronic processing and delivery); *Passmore v. 21st Century Oncology, LLC*, No. 3:16-cv-1094, 2019 WL 4016155, at *2 (M.D. Fla. Aug. 26, 2019) ("The cost of renting a conference room for a deposition is not taxable.") (citation omitted).

Finally, Defendants seek to recover costs for rough draft and real-time deposition transcripts, which total $2,253.48.[4]  Defendants do not explain why these additional costs were necessary, particularly since Defendants seek reimbursement for the original deposition transcripts.  "[A]ncillary costs related to deposition transcripts" such as "multiple copies of a deposition transcript" are "generally not recoverable." *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *see also Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CV, 2023 WL 2140476, at *3 (S.D. Fla. Feb. 2, 2023) (declining to award costs for real-time deposition transcripts or rough draft deposition transcripts), *report and recommendation adopted*, No. 20-25176-CV, 2023 WL 2137410, at *1 (S.D. Feb. 21, 2023).  Given Defendants' failure to demonstrate that these costs are for reasons other than the convenience of counsel, the undersigned concludes that the costs for rough draft and real-time transcripts are not compensable.

Accordingly, the undersigned finds that Defendants are not entitled to recover incidental charges totaling $16,543.69 and, therefore, **RECOMMENDS** that the Court award Defendants $30,271.75 in transcript costs.

---

[4] *See* ECF No. [317-3] at 36 ($276.06 and $276.06), 39 ($293.18 and $293.18), 71 ($527.50), 72 ($587.50).

### C. Witness Fees

Defendants also requests $160.00 in witness fees for the attendance of four (4) witnesses at deposition. ECF Nos. [317-1] at 14, [317-4]. Title 28, United States Code, Section 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at deposition or trial. 28 U.SC. § 1821(2)(b). Although the supporting invoices reflect fees greater than $40.00, Defendants have reduced those sums to the statutorily permitted award of $40.00 per day. ECF No. [318] at 6. Accordingly, the undersigned **RECOMMENDS** that the Court award Defendants $160.00 in witness costs.

### D. Copying Costs

Finally, Defendant seeks to recover $6,744.95 in copying costs. ECF No. [317-1] at 14-15. Photocopying costs are taxable under Section 1920(4) if they were necessarily obtained for use in a case or the incurring party reasonably believed they were necessary for pending litigation. *W & O Inc.*, 213 F.3d at 621-22. The party requesting to tax costs must "present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Defendants provided such evidence as they submitted copies of the supporting invoices, which reflect that the charges were for copies of medical records, cell phone records, court records in other cases involving Asbert Anazco, and police body camera footage. ECF Nos. [317-5]. Defendants further assert that these documents were necessarily obtained for use in the case because they "were essential and relevant to the defense of liability and damages issues." ECF No. [318] at 7. The undersigned agrees as to these copying costs and **RECOMMENDS** and that the Court award Defendants $5,862.61 in photocopying costs.

However, Defendants' request includes certain non-compensable charges. Specifically, Defendants seek to recover $882.34 for "background investigation fees." ECF Nos. [317-1] at 15; [317-5] at 3-5. Defendants do not explain why these charges are compensable as copying costs, nor do they provide any argument or support for why they are otherwise recoverable under Section 1920. Accordingly, the undersigned **RECOMMENDS** that the Court decline to reimburse Defendants for the costs of investigative fees.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendants' Motion for Bill of Costs, ECF No. [317], be **GRANTED IN PART AND DENIED IN PART**, and Defendants be awarded $39,402.11 in taxable costs.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on January 8, 2024.

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**