UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-22433-CIV-MARTINEZ/SANCHEZ

FLOR MORERA LOPEZ, ASBERT ANAZCO,

    Plaintiffs,

v.

ZOLL SERVICES, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO STAY EXECUTION OF JUDGMENT**

This matter is before the Court on the Plaintiffs' Motion to Stay Execution of Judgment. ECF No. 348.[1]

The Plaintiffs brought this wrongful death action against the Defendants, Zoll Manufacturing Corp, Zoll Medical Corp, and Zoll Services, LLC. ECF No. 1. Following a trial, the jury found in favor of the Defendants, and the Court entered final judgment against the Plaintiffs. ECF Nos. 315, 316. The Defendants then filed a Motion for Bill of Costs, ECF No. 317. The Court granted the Defendants' Motion for Bill of Costs and awarded them $39,402.11 in taxable costs. ECF No. 345; *see also* ECF No. 347. The Plaintiffs did not appeal, and they now seek a stay of execution of that award of costs to allow them to "explore other legal remedies and address [their] financial situation." ECF No. 348.

In support of their Motion, the Plaintiffs claim "significant financial hardship" and state that they "are currently unable to pay [the awarded] amount." *Id.* at 1. The Plaintiffs assert that the stay would allow them to "consult with legal aid organizations and seek financial assistance"

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's Motion to the undersigned for a report and recommendation. ECF No. 349.

and give them time to "prepare[] to file motions to address [their] inability to pay court fees associated with legal remedies." *Id.* The Plaintiffs attach as exhibits tax documents related to Plaintiff Asbert Anazco's 2023 earnings, *id.* at 4-5, and documents related to Social Security benefits received by Plaintiff Flor Morera Lopez, *id.* at 6-10.

Rule 62 of the Federal Rules of Civil Procedure addresses stays of proceedings to enforce a judgment. Rule 62 provides that, in most circumstances, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry." Fed. R. Civ. P. 62(a). A party may seek an extended stay through Rule 62(b), which allows a party to "obtain a stay of execution of a judgment [beyond 30 days] pending appeal by posting a bond or other security." *Ewing v. Carnival Corp.*, No. 19-20264-CIV-GOODMAN, 2023 WL 6849799, at *2 (S.D. Fla. May 11, 2023). Courts have "inherent discretionary authority" in setting the amount of the bond. *Bond v. Sheriff of Ottawa Cnty.*, No. 4:17-cv-00325-CRK-CDL, 2024 WL 2014725, at *2 (N.D. Okla. May 7, 2024) (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)). "Included in this discretion is authority to permit a stay 'without requiring a full supersedeas bond when the judgment creditor's interests would not be unduly endangered.'" *Id.*; *see also Ewing*, 2023 WL 6849799, at *2 ("The district court . . . retains the discretion to waive the bond requirement.") (quoting *Hurtado v. Balerno Int'l Ltd.*, 17-62200-CIV, 2018 WL 10517082, at *1 (S.D. Fla. July 11, 2018)). Waiver of the bond requirement generally requires a showing of good cause or extraordinary circumstances. *Bond*, 2024 WL 2014725, at *2 ("Waiver of the supersedeas bond, in its entirety, necessitates the party seeking waiver 'to objectively demonstrate good cause.'") (quoting *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993), *aff'd*, 28 F.3d 114 (10th Cir. 1994)); *see Vaughan v. Memphis Health Ctr., Inc.*, No. 03-2470 Ma/V, 2006 WL 2038577, at *1 (W.D. Tenn. July 20, 2006) ("A court may, however, waive the bond requirement in 'extraordinary circumstances.'") (quoting *Hamlin v. Charter Twp. of Flint*,

2

181 F.R.D. 348, 351 (E.D. Mich. 1998)).

> The relevant considerations for waiving the bond requirement include:
>
> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Ewing*, 2023 WL 6849799, at *2 (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

The circumstances of this case are not those for which Rule 62 contemplates a stay. First, as the Defendants correctly point out, the Plaintiffs are not pursuing an appeal. ECF No. 351; *see* Fed. R. Civ. P. 62(b). "[P]reparing to file motions to address [their] inability to pay," ECF No. 348, is not the equivalent of appealing the award against them. Even if the Plaintiffs were appealing the judgment, the Plaintiffs have stated that they "are currently unable to pay" the amount awarded to the Defendants. This is not enough to justify staying the award of costs without a supersedeas bond. The good cause or extraordinary circumstances that are "required for departing from the bond requirement are not met by claims of financial hardship alone." *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 5:20-cv-00563, 2021 WL 4459407 (N.D. Ohio Sept. 29, 2021). Indeed, "[t]he court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." *Ewing*, 2023 WL 6849799, at *2 (quoting *Avirgan v. Hull*, 125 F.R.D. 185, 187 (S.D. Fla. 1989)).

Here, the Plaintiffs' self-asserted precarious financial situation means that the Defendants'

3

interest in collecting the judgment is not protected. While the Court is not unsympathetic to the financial hardships faced by parties, the Plaintiffs' professed inability to pay the amount awarded to the Defendants is a reason *not* to grant a stay without requiring a bond. *See Avirgan*, 125 F.R.D. at 187 ("[A] prospective inability to pay a judgment must defeat the request for a stay without a bond.").

In sum, the Plaintiffs have failed to demonstrate an ability to satisfy the judgment in this case, and they have failed to demonstrate good cause or extraordinary circumstances warranting a stay without a bond. As a result, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiffs' Motion for Stay of Execution of Judgment be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 28th day of June 2024.

                                                                              EDUARDO I. SANCHEZ
                                                                              UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
         Counsel of Record